# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLYDE CLARKE, | CASE NO. 1:09-cv-00267-LJO-DLB PC |
| Plaintiff, | ORDER DISMISSING CLAIM WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| D. TARNOFF, et al., | (Doc. 1) |
| Defendants. | |

**I.   Screening Order**

Plaintiff Clyde Clarke ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on February 11, 2009. (Doc. 1.) Plaintiff's complaint is presently before the Court for screening.

**A.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

1    "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2 exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534
3 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a
4 short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R.
5 Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the
6 plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.
7 However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."
8 Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights
9 complaint may not supply essential elements of the claim that were not initially pled." Bruns v.
10 Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents,
11 673 F.2d 266, 268 (9th Cir. 1982)).

12    **B.**    **Summary of Plaintiff's Complaint**

13    Plaintiff is currently a state prisoner at Kern Valley State Prison ("KVSP") in Delano,
14 California, where the acts he complains of occurred. Plaintiff names as defendants: correctional
15 officers S. Stinnett, J. Figueroa, I. Rosales, and McMahon; correctional counselor II D. Tarnoff;
16 correctional lieutenant H. Tyson; and correctional sergeant W. Epperson.

17    Plaintiff alleges the following. On April 22, 2008, defendant J. Figueroa gave
18 instructions for all inmates in the top tier of Facility B Building 6, B-section to walk to the
19 bottom tier. Inmate Crayon was standing before cell 214 and appeared to pass an unknown
20 object underneath the cell door. Defendants I. Rosales and J. Figueroa approached cell 214,
21 which housed Plaintiff and inmate Jones, and instructed the two to exit the cell. Figueroa
22 conducted an unclothed body search of Plaintiff for contraband with negative results. Plaintiff
23 was escorted to upper tier B-section's tower and searched again with negative results. (Doc. 1,
24 pp. 5-6, ¶¶ 1-3.)

25    Defendant S. Stinnett searched cell 214 and informed Figueroa that she had possibly
26 located narcotics in the cell. Stinnett alleged to have found a small bindle in a towel lying in
27 front of the toilet, which later analysis determined to be heroin. Inmate Crayon was escorted to
28 medical and searched. Defendant W. Epperson alleged that inmate Crayon was found to be in

front of cell 214 passing an unknown object, which prompted the cell search. Plaintiff states that he was asleep when inmate Crayon attempted to pass this unknown object into the cell and thus had no knowledge of any narcotics in his cell. (Doc. 1, p. 6, ¶¶ 5-8.)

Defendant I. Rosales ordered inmate Jones to face away from the defendants and slowly exit his cell. Inmate Jones initially attempted to conceal an unknown object near his rectal cavity, but then decided to hand the item over to defendant I. Rosales. This object also turned out to be an unlawful drug. (Doc. 1, pp.6-7, ¶ 9.)

Plaintiff filed a 602 inmate appeal on June 23, 2008 concerning the appointment of an investigative employee. Plaintiff was assigned correctional officer Ware, but refused. Plaintiff was then assigned defendant McMahon who submitted an incomplete and inadequate I.E. report that denied Plaintiff the right to present an adequate defense and to confront his accusers. (Doc. 1, pp. 7-8, ¶¶ 15-16.) Plaintiff submitted a second 602 inmate appeal on July 30, 2008, which defendant D. Tarnoff denied as a duplicate of Plaintiff's June 23, 2008 inmate appeal. (Doc. 1, p. 8, ¶¶ 17-18.)

On June 27, 2008, Plaintiff appeared before defendant Tyson for an administrative hearing regarding the narcotics. Defendant Tyson found Plaintiff guilty of possession of a controlled substance for distribution. Defendant Tyson found that Plaintiff had constructive possession of the narcotics and stated that Plaintiff had failed to provide a credible defense or offer a reasonable alternative to the charges. Plaintiff was deprived of the right to contact visitation for a period of one year and placed into administrative segregation ("ad seg") until his scheduled release on November 15, 2008. (Doc. 1, pp. 8-9, ¶¶ 19-23.)

Defendant alleges a violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment.

Plaintiff requests as relief restoration of Plaintiff's visitation privileges, and monetary damages.

//
//

C.     **Plaintiff's Claims**

1.     *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id. Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44). Thus, to state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

Plaintiff names defendants correctional officers S. Stinnett, J. Figueroa, I. Rosales, and correctional sergeant W. Epperson as defendants, but fails to link them to any act or omission that would indicate a deprivation of Plaintiff's federal rights. Plaintiff thus fails to state a section

1983 claim against defendants Stinnett, Figueroa, Rosales, and Epperson.

### 2. *Eighth Amendment*

Plaintiff alleges that loss of contact visitation constitutes cruel and unusual punishment. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and

responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Plaintiff's allegations regarding contact visitation are not sufficient to state a cognizable Eighth Amendment claim. Denial of contact visitation for one year does not rise to the level of deliberate indifference to a serious harm. "Only those deprivations denying the minimal civilized measure of life's necessities are sufficient[]" to state an Eighth Amendment violation. Hudson, 503 U.S. at 8.

Plaintiff's allegations regarding placement in administrative segregation are also not sufficient. Placement in ad seg is itself not a sufficient deprivation to state an Eighth Amendment violation.

      **3.**    *Due Process*

      **A.**    **Processing Inmate Appeals**

Plaintiff alleges that defendant D. Tarnoff systematically denied Plaintiff access to the appeal system by failing to process his second inmate appeal. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any

substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

Plaintiff fails to state a liberty interest for defendant Tarnoff's alleged refusal to process Plaintiff's second appeal. Plaintiff has no liberty interest in a specific grievance procedure.

### B.  Visitation and Administrative Segregation

As stated previously, in order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Plaintiff complains of the deprivation of his contact visitation privileges. However, the Due Process Clause does not protect a right to contact visitation. See Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir. 1994) (per curiam).

Plaintiff also alleges that he was placed in administrative segregation. However, Plaintiff does not sufficiently allege how placement in ad seg is an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. Because Plaintiff has not sufficiently alleged a liberty interest, Plaintiff fails to state a cognizable due process claim against defendants McMahon and Tyson.

If Plaintiff had sufficiently alleged a liberty interest, Plaintiff would be entitled to the minimal protections of due process. The Court provides the following legal standard regarding due process for disciplinary hearings in order for Plaintiff to determine whether or not he wishes to pursue this action. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at

least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).[1]

**II.     Conclusion**

Plaintiff fails to state any cognizable claims under section 1983. For the reasons set forth above, Plaintiff's complaint is dismissed, with leave to file an amended complaint within thirty days. If Plaintiff does not wish to pursue this action, Plaintiff may instead file a notice of voluntary dismissal within thirty days.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific

---

[1] Plaintiff also alleges that he should not have been found guilty of the offense of possession of controlled substance for distribution because he did not have sufficient knowledge. If a liberty interest had existed, then a finding of guilt against an inmate during a prison disciplinary proceeding requires "some evidence." Superintendent v. Hill, 472 U.S. 445, 455 (1985)("[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board . . . ."); see also Bruce v. Ylst, 351 F.3d 1283, 1287-88 (9th Cir. 2003); Touissaint v. McCarthy, 926 F.2d 800, 802-03 (9th Cir. 1991); Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir. 1989); Jancsek, III v. Oregon Bd. Of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987); see especially Burnsworth v. Gunderson, 179 F.3d 771, 774-74 (9th Cir. 1999) (where there is no evidence of guilt may be unnecessary to demonstrate existence of liberty interest.) "Some evidence" must support the decision of the hearing officer. Hill, 472 U.S. at 455. The standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached . . . ." Id. at 455-56 (emphasis added).

Plaintiff submits with his complaint a copy of the Rules Violation Report, which indicated that Plaintiff was guilty of Possession of Controlled Substance For Distribution. (Doc. 4, pp. 26-29.) According to the RVR, possession under California law recognizes either actual or constructive possession. Constructive possession means that he may not have it on his person but "retains control directly or through another source." (Doc. 4, pp. 27-28.) Plaintiff contends that he did not know of any drugs being in his cell. The hearing officer disagreed, finding that Plaintiff failed to provide a credible defense or offer a reasonable alternative to the charges. The RVR also indicates "some evidence" for the other elements of the offense. The amount of and packaging of the heroin is indicative of distribution. (Doc. 4, p. 28.) All inmates are responsible for their assigned area of responsibility in their cell, and items found in these areas are the responsibility of the assigned inmates. (Id.) Thus, Plaintiff's exhibits submitted with his complaint indicate that some evidence existed to support the finding of guilt.

terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007) (citations omitted).

    Plaintiff is further advised that an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

    Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order if Plaintiff wishes to pursue this action;
4. Plaintiff may not add any new, unrelated claims to this action via the amended complaint and any attempt to do so will result in an order striking the amended complaint;
5. If Plaintiff does not wish to file an amended complaint, Plaintiff may file a notice of voluntary dismissal within **thirty (30) days** from the date of service of this order; and

//
//

6. If Plaintiff fails to comply with this order, this court will recommend that the action be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **June 4, 2009**              **/s/ Dennis L. Beck**
                             UNITED STATES MAGISTRATE JUDGE