# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLYDE C. CLARKE,<br><br>               Plaintiff,<br><br>   v.<br><br>TARNOFF, et al.,<br><br>               Defendants.<br>                                         / | CASE NO. 1:09-cv-00267-LJO-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER 42 U.S.C. § 1983<br><br>(Doc. 13)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

**Findings and Recommendations Following Screening of Second Amended Complaint**

## I.    Background

Plaintiff Clyde C. Clarke ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 11, 2009, Plaintiff filed the complaint which initiated this action. On June 4, 2009, the Court dismissed Plaintiff's complaint, with leave to file an amended complaint within thirty days. On August 20, 2009, after receiving an extension of time, Plaintiff filed his first amended complaint. Plaintiff then filed for another extension of time to file another amended complaint, which the Court granted. On September 24, 2009, Plaintiff filed his second amended complaint, which is the operative pleading before the Court.[1]

---

[1] Plaintiff may amend once as a matter of course. Fed. R. Civ. P. 15(a). Plaintiff labels this complaint as his first amended complaint. The Court construes the filing as Plaintiff's second amended complaint.

1

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 1949.

**II.    Summary of Second Amended Complaint**

Plaintiff is incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, where the events giving rise to this action occurred. Plaintiff names as Defendants associate warden A. F. Hernandez, facility captain J. D. Soto, and correctional lieutenant H. Tyson.

Plaintiff alleges the following. On April 22, 2008, Plaintiff was sleeping inside his cell when various prison officers were conducting a security search of the housing unit. (Second Am. Compl. (SAC) ¶ 7.) During the security search, inmate Crayon was in route to be searched but stopped in front of Plaintiff's cell door and passed an object underneath. (SAC ¶ 8.) Officers who witnessed this act immediately came to Plaintiff's cell in search of the object. (SAC ¶ 8.) Both Plaintiff and his cellmate were ordered to exit, and were searched. (SAC ¶ 9.) Plaintiff had no narcotics on his person. (SAC ¶ 9.) Plaintiff's cellmate removed narcotics from his rectal

area and surrendered it to a correctional officer. (SAC ¶ 9.) An officer searched Plaintiff's cell and discovered a bindle of narcotics on the cell floor in front of the toilet. (SAC ¶ 10.) All the searching officers corroborated these facts, yet Plaintiff was placed in administrative segregation unit (ASU) on the charge of possession of controlled substance for distribution. (SAC ¶ 11.)

Defendants Soto and Hernandez have a policy of always ruling against inmates, despite any facts or evidence to the contrary, based on race and Plaintiff's status as a prisoner. (SAC ¶ 12.) Plaintiff was held in ASU from April 22 to December 3. (SAC ¶ 12.) Plaintiff had an inability to sleep due to the excessive noise in ASU, suffered weight loss, had suicidal trends and was denied certain hygiene items. (SAC ¶ 12.)

Plaintiff was placed in the Crisis Treatment Center because of his suicidal trends. (SAC ¶ 13.) On June 27, 2008, Defendant Tyson acted as senior hearing officer and found Plaintiff guilty, despite Plaintiff not being prepared to proceed because of his suicidal trend, psychiatric observation, and psychiatric medications. (SAC ¶ 14.) Defendant Tyson imposed a finding of guilt, which resulted in loss of visiting privileges, contact visit privileges, and good time work credits. (SAC ¶ 14.)

Plaintiff alleges violations of the First, Sixth, Eighth, and Fourteenth Amendments, and California Government Code § 11135. Plaintiff seeks monetary damages.

**III.　Discussion**

　**A.　First Amendment**

Plaintiff alleges a violation of the First Amendment. The First Amendment protects, *inter alia*, speech and religion. Plaintiff however fails to allege any facts that indicate a violation of the First Amendment occurred. Accordingly, Plaintiff fails to state a cognizable First Amendment claim.

　**B.　Sixth Amendment**

The Sixth Amendment provides protection only for criminal proceedings. Accordingly, Plaintiff fails to state a cognizable Sixth Amendment claim.

　**C.　Eighth Amendment**

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does

3

not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Id.* at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

Plaintiff's allegations do not rise to the level of an Eighth Amendment deprivation. Only those deprivations denying the minimal civilized measure of life's necessities are sufficient[]" to state an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Plaintiff fails to allege sufficient facts that indicate the deprivation was objectively serious, or that prison officials knew of and disregarded an excessive risk to Plaintiff's health or safety. Plaintiff thus fails to state a cognizable Eighth Amendment claim.

**D.  Fourteenth Amendment**

Plaintiff contends that Defendants Hernandez and Soto discriminated against Plaintiff on the basis of his race and his status as a prisoner, implicating the Equal Protection Clause. Plaintiff also contends that Defendant Tyson denied him procedural due process.

**1.  Equal Protection**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. *See*, *e.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972);

4

*Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir.2004); *SeaRiver Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. *Village of Willowbrook*, 528 U.S. at 564.  If an equal protection claim is based upon the defendant's selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement is based upon an "impermissible motive." *Squaw Valley*, 375 F.3d at 944; *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir.1995).

Plaintiff alleges no facts that indicate Defendants Hernandez and Soto have a policy of ruling against inmates on the basis of race. Plaintiff alleges no facts that indicate Defendants Hernandez and Soto have a policy of always ruling against inmates. The only adverse action taken against Plaintiff was placing him in ASU. Plaintiff alleges no facts that indicate this action was taken because of Plaintiff's race or his status as a prisoner. Mere legal conclusory statements are insufficient to state a claim. *Iqbal*, 129 S. Ct. 1949. Plaintiff fails to state a cognizable claim against Defendants Hernandez and Soto.

**2.     Due Process - Disciplinary Hearing**

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of segregation. *See Hewitt v. Helms*, 459 U.S. 460, 466-68 (1983). In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court abandoned earlier case law which had held that states created protected liberty interests by way of mandatory language in prison regulations. *Id.* at 481-84. Instead, the Court adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. *Id.* In doing so, the Court held that liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and

significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

Plaintiff alleges that as a result of being found guilty of a disciplinary infraction, Plaintiff was housed in ASU for over six months, and suffered deprivation of sleep, loss of visitation privileges, and denial of various hygiene items.  Plaintiff appears to state a liberty interest in avoiding placement in ASU.

Because Plaintiff has alleged a liberty interest in avoiding ASU placement, Plaintiff is entitled to procedural due process during a disciplinary proceeding.  The procedural due process for disciplinary detention of a prisoner are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex.  *Wolff*, 418 U.S. at 556.

Here, Plaintiff contends that (1) he had psychiatric concerns at the time of the hearing and (2) there is insufficient evidence to support a finding of guilt.

Plaintiff alleges that he had psychiatric concerns which resulted in him being placed on medication and suicide observation.   This does not rise to the level of a due process claim. Plaintiff does not dispute that he received timely notice of the appeal, or the right to present evidence.  The legal issue during the disciplinary proceeding, whether Plaintiff had possession of a controlled substance for distribution, is not so legally complex such that Plaintiff needed legal assistance.  Plaintiff contends that the hearing should be postponed because Plaintiff was "incapable of defending [himself]."  However, Plaintiff alleges no facts that indicate he was incapable of defending himself.  Plaintiff does not allege how his psychiatric concerns impeded his ability to represent himself during the proceeding.  Accordingly, the Court finds that Plaintiff fails to state a cognizable due process claim against Defendant Tyson.

Plaintiff also contends that there is no evidence to support a finding of guilt.  Plaintiff contends that Defendant Tyson ignored certain facts in finding Plaintiff guilty.  The requirements

for a finding of guilt in a disciplinary hearing is that "some evidence" exist. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985); *Bruce v. Ylst*, 351 F.3d 1283, 1287-88 (9th Cir. 2003). Possession of a controlled substance for distribution requires that there be (1) possession, (2) a controlled substance, and (3) for distribution. In the disciplinary findings submitted as exhibits, Plaintiff was found to have constructive possession of the controlled substance. (Exh. B., pp. 38-41.) Defendant Tyson found that Plaintiff was responsible for his assigned area (in this case, his cell), and for all items found therein, pursuant to title 15, section 3287 of the California Code of Regulations. The bindle of drugs found near the toilet was in Plaintiff's assigned area. The substance found was identified as heroin, and the amount of the heroin indicated that it was not for personal use. Thus, there was some evidence to support a finding of Plaintiff's guilt. Due process does not require any further protection.

### E. California Government Code Section 11135

California Government Code section 11135 prohibits discrimination on the basis of race. As stated previously, Plaintiff fails to allege any facts that indicate discrimination on the basis of race by any defendants. The Court declines to exercise supplemental jurisdiction over this claim.

## IV. Conclusion and Recommendation

Plaintiff fails to allege any cognizable § 1983 claims against any Defendants. Plaintiff was provided the opportunity to amend his complaint to cure the deficiencies identified therein, but was unsuccessful. Further leave to amend will not be granted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty**

**(30) days** after being served with these Findings and Recommendations, the plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    **Dated:   April 8, 2010**           /s/ **Dennis L. Beck**
                                                                UNITED STATES MAGISTRATE JUDGE